IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BUILDERS FLOORING CONNECTION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO.  2:11cv373-MHT (WO) |
| BROWN CHAMBLESS ARCHITECTS, *et al*., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the court is the plaintiff's motion to compel answers to interrogatories (doc. # 202) filed on April 9, 2014.  The plaintiff seeks responses to interrogatories to which defendant Goodwin, Mills & Cawood, Inc. ("GMC") has objected.

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* . . ." (emphasis added). The Committee Comments to FED.R.CIV.P. 26 confirm that requiring relevance to a claim or defense  "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  GAP Report of Advisory Committee to 2000 amendments to Rule 26.

1

In determining what discovery to allow, the court is likewise guided by some other fundamental principles.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED.R.CIV.P. 26(b)(1).  "Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise  . . . "  *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999).

The court heard oral argument on the motion on May 1, 2014.  Prior to oral argument, the defendant filed a "Notice of Production" informing the court that GMC had supplemented its response by "produc[ing] 2007-2012 Public Project Lists for GMC's Montgomery (GMC PL 00001-00015), Eufaula (GMC PL 00016-00018), Mobile (GMC PL 00019-00021), and Birmingham (GMC PL 00022-00031) offices."  (Doc. # 208).

The plaintiff seeks information from GMC regarding flooring specifications for their publicly funded projects in Alabama as well as in any other state.  As stated in open court, with respect to publicly funded projects outside of the State of Alabama, the court concludes that the information sought is outside the relevant market and is too attenuated[1] to relate to the claims in this case.

Much of the information the plaintiff seeks is readily available because the projects

---

[1]  The plaintiff argues that they believe project documents from other states will not contain specifications which are included in Alabama projects.  Thus, argues the plaintiff, the presence of the specifications in Alabama documents will tend to show the existence of the conspiracy in South Alabama projects.

2

are all publicly funded projects within the State of Alabama.[2]   Consequently, once armed
with an updated list from GMC, most of the documents and information the plaintiff seeks
are readily available in the public domain.  However, at oral argument, the plaintiff asserted
and the defendant did not dispute, that the names of the flooring contractors consulted on
each publicly funded project in Alabama would not be included in the bid documents.  Thus,
this information is not readily available.  Accordingly, upon consideration of the motion to
compel, and for good cause, it is

ORDERED as follows:

1.      That the plaintiff's motion to compel (doc. # 202) be and is hereby GRANTED
to the extent that the defendant shall provide an updated Public Project list that includes all
Alabama projects from 2013 until the first quarter of 2014.

2.      That, with respect to interrogatories # 5, 6, 10 and 11 in which the plaintiff
seeks information on whether flooring contractors were consulted on  each Alabama project
and the names of the flooring contractors consulted, the motion to compel be and is hereby
GRANTED.  Within 21 days from the date of this order, the defendant shall produce to the
plaintiff the information sought in interrogatories # 5, 6 10 and 11.

---

[2] For example, a quick google search indicates that in Alabama, "[t]he Awarding Authority must
keep a permanent record of original bid proposals, . . . and in general all documents pertaining to the bids
received and the award of a contract.  These records shall be open to public inspection."  State of Alabama
Building Commission, Chapter 6, Bid Procedures and Award of Contracts, Section I,
www.bc.state.al.us/Chapter6.htm, (lasted accessed May 1, 2014 at 13:15).

3.      That, with respect to interrogatories # 12, 13, 14, 15 and 16 regarding non-Alabama projects, because the information sought is outside the relevant market and too attenuated to be relevant to a claim in this action, the motion to compel be and is hereby DENIED.

4.      That the plaintiff's motion to compel (doc. # 202) be and is hereby DENIED in all other respects.

Done this 1st day of May, 2014.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE