IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BUILDERS FLOORING            )
CONNECTION, LLC,             )
                             )
    Plaintiff,              )
                             )
v.                           )   CIVIL ACT. NO.  2:11cv373-MHT
                             )
BROWN CHAMBLESS              )
ARCHITECTS, *et al*.,        )
                             )
    Defendants.             )

**MEMORANDUM OPINION and ORDER**

Now pending before the court are the following motions: (1) defendant Goodwyn, Mills and Cawood, Inc's motion to compel (doc. # 224) filed on August 20, 2014; (2) plaintiff Builders Flooring Connection, LLC's motion for a protective order (doc. # 228) filed on August 28, 2014; (3) defendant Goodwyn, Mills and Cawood, Inc.'s motion to require Plaintiff to tender its experts for depositions, or in the alternative, motion to strike expert reports (doc. # 230) filed on September 3, 2014; (4) defendant Goodwyn, Mills and Cawood, Inc.'s motion for an extension of expert report deadline and other deadlines and motion for sanctions (doc. # 237) filed on September 12, 2014; and defendant Goodwyn, Mills and Cawood, Inc.'s motion for a temporary extension of defendants' expert deadline (doc. # 239) filed on September 19, 2014.  The court held oral argument on these motions on September 24, 2014.  For the reasons which follow, the motions are due to be granted in part and denied in part.

In determining what discovery to allow, the court is guided by some fundamental principles. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). "Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999).

Defendant Goodwin, Mills & Cawood ("GMC") seeks to compel the plaintiff to respond to interrogatories and requests for production of documents (doc. # 224) related the plaintiff's claims and damages. In Interrogatories 14 - 17, the defendant seeks the identification of witnesses and the substance of their testimony. At oral argument, the plaintiff agreed to produce, within fourteen days, a list identifying witnesses by name and the substance of their testimony. The motion to compel regarding these interrogatories will be granted.

In interrogatories 18 - 19, GMC seeks specific information regarding the plaintiff's damages calculations. In open court, the plaintiff affirmed that its damages calculation was based on lost profits of 32% on each job it did not win. No further response is necessary. Consequently, the motion to compel regarding these interrogatories will be denied.

In GMC's Second Request for Production, it seeks James Wesson's tax returns from 2007 to present. For the reasons stated in open court, the motion to compel production of James Wesson's income tax returns will be granted to the extent that the plaintiff shall

2

produce amended, redacted income tax returns that show only all payments to James Wesson from Builders Flooring Connection, LLC ("BFC").

With respect to GMC's requests for production # 3, 14 and 15, the plaintiff represented to the court that it does not have the documents requested. The plaintiff cannot produce what it does not have. The defendant also conceded that the plaintiff's responses to requests for production # 12 and 13 were adequate. Consequently, the motion to compel with respect to these requests will be denied.

Request for production # 17 seeks the statements of John Stampley, George Taylor and William Dismukes. As stated in open court, the motion to compel will be granted only to the extent that the plaintiff shall produce information regarding who took each statement, when each statement was taken and who else was present when each statement was taken. The plaintiff shall produce this information within fourteen days of the date of this order.

Requests for production of documents 18[1] and 19 relate to settlement documents. BFC's motion for a protective order relates specifically to these requests. During oral argument, BFC requested time to file a supplemental response. As stated in open court, BFC may file a supplemental brief addressing the discoverability of the settlement documents at issue, and GMC may file a reply to BFC's response. The court will reserve ruling on this aspect of the motion to compel and the motion for a protective order (doc. # 228) pending the filing of supplemental briefs.

---

[1] During oral argument, GMC informed the court that it inadvertently failed to include interrogatory # 18 in the motion to compel. The plaintiff did not object to the inclusion of request # 18.

With respect to request for production # 21 and third request for production # 1, the motion to compel will be granted.  With respect to request for production # 24, the motion to compel will be granted to the extent that Wesson shall identify the specific AIA flooring specifications that he examined as referenced at his deposition.

Finally, GMC seeks to require BFC to tender its experts for deposition, or asks the court to strike the expert witness reports.  (Doc. # 230).  The parties represented to the court that the depositions are now scheduled for October 21 and 22, 2014.  Accordingly, the motion to tender the expert witnesses will be granted, and the motion to strike the expert reports will be denied.  However, due to the delay in tendering the expert witnesses for deposition, GMC seeks an extension of time for expert disclosures (doc. # 239) and to file *Daubert* and dispositive motions (doc. # 237), and it seeks sanctions against BFC.  The motions for extension of deadlines (doc. # 237 & 239) will be granted but the motion for sanctions will be denied.  Accordingly, for the reasons as stated, and for good cause, it is

ORDERED as follows that:

1. The motion to compel (doc. # 224) is GRANTED as follows:

    a. With respect to interrogatories 14-17, the plaintiff shall produce, within fourteen days of the date of this order, a list identifying a list identifying witnesses by name and the substance of their testimony.

    b. With respect to GMC's second request for production, the plaintiff shall produce, within fourteen days of the date of this order, amended, redacted income tax returns

for James Wesson that show only all payment to Wesson from Builders Flooring Connection, LLC.

        c.       With respect to GMC's second request for production # 14, the plaintiff shall produce, within fourteen days of the date of this order, information related to each statement that reflects when each statement was taken, who took each statement, and who was present when each statement was taken.

        d.       With respect to GMC's second request for production # 21 and third request for production # 1, the plaintiff shall produce responsive documents within fourteen days of the date of this order.

        e.       With respect to request for production # 24, James Wesson shall identify, within fourteen days of the date of this order, the specific AIA flooring specifications he examined as referenced during his deposition.

    2.       The motion to compel (doc. # 224) is DENIED with respect to interrogatories # 18 and 19, and requests for production # 3, 12, 13, 14, and 15.

    3.       The court reserves ruling on the requests for production of documents # 18 and 19. The plaintiff may file a supplemental brief addressing the discoverability of the settlement documents at issue on or before October 3, 2014. The defendant may file a reply brief to the plaintiff's response on or before October 10, 2014.

    4.       GMC's motion to tender its experts for deposition (doc. # 230) be and is hereby GRANTED. The motion to strike the expert witness reports (doc. # 230) be and is hereby

DENIED.

5.  GMC's motion for an extension of time for expert disclosures (doc. # 239) and motion for an extension of the *Daubert* and dispositive motions deadlines (doc. # 237) be and are hereby GRANTED.  The deadline for expert witness disclosures is EXTENDED to October 25, 2014, and the *Daubert* and dispositive motions deadlines are EXTENDED to November 21, 2014.  GMC's motion for sanctions (doc. # 237) be and is hereby DENIED.

Done this 26th day of September 2014.

                                 /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE