IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUILDERS FLOORING CONNECTION, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACT. NO. 2:11cv373-MHT ) |
| BROWN CHAMBLESS ARCHITECTS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION and ORDER**

On September 26, 2014, the court reserved ruling on one aspect of defendant Goodwyn, Mills and Cawood, Inc's ("GMC") motion to compel (doc. # 224) filed on August 20, 2014. Also pending is plaintiff Builders Flooring Connection, LLC's ("BFC") motion for a protective order (doc. # 228) filed on August 28, 2014. Defendant GMC seeks to compel BFC to respond to requests for production of documents 18[1] and 19 which relate to settlement documents between BFC and any other defendant with whom a settlement has been reached. BFC's motion for a protective order asserts that the documents are confidential and protected by the work product doctrine. The court held oral argument on these motions on September 24, 2014, and the plaintiff requested time to file a supplemental brief. Despite being given the opportunity, BFC has not filed a supplemental brief.

---

[1] During oral argument, GMC informed the court that it inadvertently failed to include interrogatory # 18 in the motion to compel. The plaintiff did not object to the inclusion of request # 18.

Consequently, the remaining aspect of the motion to compel and the motion for a protective order are ripe for resolution. For the reasons which follow, the motion to compel is due to be granted and the motion for a protective order is due to be denied.

Relying on FED.R.CIV.P. 408, BFC argues that any documents related to settlements with other defendants are protected from discovery. The court disagrees. While FED.R.EVID. 408[2] limits the admissibility of compromise offers and negotiations, it does not limit the discoverability of that information. *See Doe No. 1 v. U.S.* 749 F.3d 999, 1010 (11th Cir., 2014) citing *In re MSTG, Inc.,* 675 F.3d 1337, 1344 (Fed. Cir. 2012) (rejecting a privilege for settlement negotiations because Congress, by enacting Rule 408, "did not take the additional step of protecting settlement negotiations from discovery."). Beyond a conclusory assertion

---

[2] FED.R.EVID. 408 provides as follows:

> (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

that the documents are are privileged, BFC points to no facts or law that would support that position.

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* . . ." (emphasis added). GMC asserts that the documents may lead to admissible evidence, and may be relevant for purposes of cross-examination at trial.  BFC has not shown that the documents are not relevant.

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the defendant's motion to compel (doc. # 224) is GRANTED with respect to the requests for production of documents # 18 and 19.  It is further

ORDERED that the plaintiff's motion for a protective order (doc. # 228) be and is hereby DENIED.

Done this 16th day of October 2014.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE